UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

 MISC. 11-009

- - - - - - - - - - - - - - - - - - - x

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA         :   **TO BE FILED UNDER SEAL**
FOR AN ORDER AUTHORIZING THE
INSTALLATION, MONITORING,                :
MAINTAINING, REPAIRING, AND
REMOVAL OF A GLOBAL POSITIONING          :   AFFIDAVIT AND APPLICATION
SYSTEM TRACKING DEVICE IN A 2002             TO INSTALL AND MONITOR
INFINITI, BEARING NEW YORK               :   <u>MOBILE TRACKING DEVICES</u>
LICENSE PLATE NUMBER EFE4169,
VEHICLE IDENTIFICATION NUMBER            :   (Fed. R. Crim. P. 41;
JNKDA31A72T013092, AND REGISTERED            18 U.S.C. § 3117)
TO JAMES CANDELA, 35-64 90TH             :
STREET, APT. 2C, JACKSON HEIGHTS,
NEW YORK.                                :

- - - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, SS:

       Eric Cora, a detective with the New York City Police Department ("NYPD"), being duly sworn, deposes and states:

       Upon information and belief, a motor vehicle described as A 2002 INFINITI, BEARING NEW YORK LICENSE PLATE NUMBER EFE4169, VEHICLE IDENTIFICATION NUMBER JNKDA31A72T013092, AND REGISTERED TO JAMES CANDELA, 35-64 90TH STREET, APT. 2C, JACKSON HEIGHTS, NEW YORK ("SUBJECT VEHICLE"); is being used at present by JAMES CANDELA, a/k/a "Alex," to facilitate narcotics distribution in violation of Title 21, United States Code, Section 841.

       Your deponent further states that there is probable cause to believe that the installation of a Global Positioning

System ("GPS")[1] tracking device placed on the SUBJECT VEHICLE, and monitoring of the GPS tracking device, will lead to evidence of (a) the aforementioned criminal activity, (b) the means by which individuals engage in the aforementioned criminal activity, and (c) the identification of individuals who are engaged in the commission of the aforementioned criminal activity and related crimes.  See 18 U.S.C. § 3117 (providing that if a court is empowered to issue a warrant or other order for the installation of a tracking device, such order may authorize the use of that device within the jurisdiction of the court, and outside that jurisdiction if the device is installed in that jurisdiction). Accordingly, this affidavit seeks an order authorizing members of the Drug Enforcement Administration and other law enforcement agencies, including but not limited to other law enforcement agents and technicians assisting in the investigation, to, if necessary, enter onto private property; to remove the SUBJECT VEHICLE to a concealed area for the limited purpose of installing, maintaining, repairing or removing the GPS tracking

---

[1] GPS is a technology that substitutes for the earlier generation of proximity-detecting "bumper-beepers" previously used by law enforcement.  The prior generation functioned by transmitting a radio impulse that a remote tracking device reads to determine the proximity of a beacon.  In contrast, a GPS beacon functions by emitting a signal that can be read by a satellite that then transmits the latitude and longitude location information in a form that law enforcement computer systems are able to calculate and project on a map.  Thus, GPS fulfills the same function as traditional tracking devices and is subject to the same statutory scheme.

device; and to monitor the signals from that tracking device, for a period of 45 days from the issuance of the Court's order, including signals produced from inside private garages and other locations not open to the public or visual surveillance, and signals produced in the event that the SUBJECT VEHICLE leaves the Eastern District of New York but remains within the United States.

The source of your deponent's information and the grounds for his belief are as follows:

1. I have been a detective with the NYPD for approximately 19 years and am currently assigned to the New York Drug Enforcement Task Force (the "Task Force"), where I am tasked with investigating narcotics trafficking and other offenses. I am fully familiar with the facts of this case. The facts set forth below are based on my personal observations, information from confidential sources, my discussions with other law enforcement officers and my review of documents and other evidence.

2. Because the purpose of this Affidavit is limited to setting forth probable cause to install and monitor a GPS tracking device, I have not set forth every fact of which I am aware concerning this investigation. Where the contents of documents and the actions, statements and conversations of others

are reported herein, they are reported in substance and in part, except where otherwise indicated.

### Probable Cause in Support of GPS Monitoring

3. Since in or about September 2010, the Drug Enforcement Administration, the New York State Police, and the NYPD have been investigating narcotics trafficking activity by JAMES CANDELA, a/k/a "Alex," and others, with the assistance of a confidential informant (hereinafter referred to as "CI").[3]

4. In or about September 2010, CI was introduced to TARGET SUBJECT JAMES CANDELA, a/k/a "Alex," by a bartender (the "Bartender") in a restaurant in Queens, New York ("Restaurant-1"). CI and CANDELA had a number of follow-up conversations (which were arranged by and through the Bartender) during which they discussed narcotics trafficking. CI informed me that, in connection with the Bartender arranging these meetings, the Bartender made statements to CI such as, in substance and in part, "you can trust this guy, he is serious" and "he can get you anything you want."

5. CI told me that, in or about October 2010, CI had a telephone conversation with JAMES CANDELA, a/k/a "Alex," and

---

[3] The CI served as a paid informant for the DEA from in or about 2007 through in or about 2009, and was signed up to work as a paid informant again in or about September 2010. The CI has provided information to law enforcement agents that has been reliable and trustworthy, and that has led to several arrests and convictions relating to narcotics trafficking and other offenses.

-4-

they arranged to meet at the Restaurant. During the meeting, JAMES CANDELA, a/k/a "Alex," and CI had a discussion about CI purchasing one kilogram of cocaine from CANDELA. They discussed that the price would be $31,000 per kilogram for cocaine, and CANDELA told CI, in substance and in part, that they could establish a relationship and the price would be better in the future.

6. On November 12, 2010, JAMES CANDELA, a/k/a "Alex," picked up the CI on Northern Boulevard in Queens, New York and drove him to a restaurant ("Restaurant-2"). On the way to Restaurant-2, CI and CANDELA continued their prior discussion about the CI purchasing one kilogram of cocaine from CANDELA.

7. In or about November 2010, CI met on several occasions with JAMES CANDELA, a/k/a "Alex," in the SUBJECT VEHICLE. CI told me that, during one of these meetings, CI and CANDELA discussed CANDELA providing CI with a sample of cocaine and that on November 15, 2010, CANDELA provided CI with a sample of approximately one gram of cocaine in the SUBJECT VEHICLE. CI provided members of the Task Force with the sample, the sample was sent to a law enforcement laboratory for testing, and it tested positive for cocaine.

8. On November 18, 2010, JAMES CANDELA, a/k/a "Alex," picked up CI on Northen Boulevard in Queens, New York and took him to a residence in Queens, New York. In the car and at the

residence, CANDELA and CI continued their discussion about CANDELA selling CI one kilogram of cocaine.

9. On November 19, 2010, CI had a telephone conversation with JAMES CANDELA, a/k/a "Alex," With CI's consent, this call was recorded by the DEA. The conversation was in Spanish. I reviewed a written translation of the recording. During the call, CI told CANDELA that the price was too high and noted that CANDELA changed the price from "31" to "36." In response, CANDELA told CI, in substance and in part, "Find it at 31 then and let me know where you get it. Don't be like that, just be serious. CANDELA later added, "Just tell me if we're going to do this, yes or no."

10. CI told me that, on November 29, 2010, JAMES CANDELA, a/k/a "Alex," called CI from the TARGET CELLPHONE to discuss meeting later that day at the Restaurant. I, along with other law enforcement officers, conducted physical surveillance of CANDELA. I observed CANDELA park the SUBJECT VEHICLE near the Restaurant, and I further observed CANDELA and CI meet at the Restaurant. CI told me that during the meeting CANDELA told him, in substance and in part, that he wanted to keep the lines of communication open between CANDELA and CI, he had found a buyer for the kilogram of cocaine that CI said was too expensive, and that CANDELA would be getting more cocaine and the price for CI would be approximately $33,000. After the meeting, I observed

CANDELA leave the Restaurant and walk towards the SUBJECT VEHICLE.

11. On November 29, 2010, law enforcement officers conducted physical surveillance of JAMES CANDELA, a/k/a "Alex," for six hours, which included periods of time that he was driving the SUBJECT VEHICLE. Law enforcement officers ended their surveillance that day, because CANDELA began circling blocks in the SUBJECT VEHICLE and repeatedly honking his horn, both of which were efforts I believe he took in order to attempt to figure out if he was under surveillance.

12. On December 9 and 15, 2010 and on January 3, 2011, law enforcement officers conducted surveillance of the SUBJECT VEHICLE and observed it parked near the residence where law enforcement officials believe that JAMES CANDELA, a/k/a "Alex," lives (based upon numerous entries and exits of the residence with a child).

13. On January 3, 2011, JAMES CANDELA, a/k/a "Alex," had a telephone conversation with CI. CANDELA proposed that he pick up the CI and take him to Restaurant-2. CI was unable to do so at that time, so CI and CANDELA did not meet on January 3, 2011.

14. Based on the foregoing facts and my training and experience, I believe the SUBJECT VEHICLE is being used in connection with narcotics distribution.

15. Monitoring of the vehicle could lead law enforcement agents to learn how the aforementioned illegal activities are conducted and the identities of those who participate in these activities. For example, monitoring of the vehicle will likely permit law enforcement agents to identify locations where meetings between the co-conspirators take place. Installing a GPS tracking device will allow law enforcement officers to monitor the location of the SUBJECT VEHICLE (without being detected and compromising the investigation) better than visual surveillance of the SUBJECT VEHICLE alone.

### Grounds for Installation at Night

16. Based on surveillance conducted in the course of the investigation, the SUBJECT VEHICLE has been observed parked on residential streets during the day and night in high-traffic areas. Individuals are likely to be awake, and more likely to be aware of the location of the SUBJECT VEHICLE (and whether anyone is attempting to do anything to them) during the daytime. Installation of a GPS tracking device can take around 30 minutes. Naturally, observation of the device's installation or subsequent detection of it would defeat the law enforcement objectives outlined in this Affidavit. Accordingly, the government, for good cause shown pursuant to Rule 41(e)(2)(B)(ii) of the Federal Rules of Criminal Procedure, seeks authorization to install the GPS tracking device at any time in the day or night.

WHEREFORE, your deponent respectfully requests that the Court issue an order in the form annexed authorizing members of the DEA, NYPD, and other law enforcement agencies, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to enter onto private property at any time in the day or night for the limited purpose of installing, maintaining, repairing or removing the tracking device; and to monitor the signals from that tracking device, for a period of 45 days from the issuance of the Court's order, including signals produced from inside private garages and other locations not open to the public or visual surveillance, and signals produced in the event that the SUBJECT VEHICLE leaves the Eastern District of New York but remains within the United States;

IT IS FURTHER REQUESTED that in conformity with Rule 41 of the Federal Rules of Criminal Procedure to the extent applicable, the Court directs the officer(s) executing the requested order of authorization to prepare a return that shall include entries stating the exact date and time of initial activation of the technology through which the latitude and longitude data is obtained and the period during which such technology was thereupon used, and within 10 calendar days of the last authorized acquisition of latitude and longitude data, to file that return with the Clerk of Court of the U.S. District

Court for the Eastern District of New York;

IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a period of no greater than 30 days after the termination of the execution of the warrant because more prompt notice would risk compromising this ongoing investigation into violations of federal criminal law.

_____
ERIC CORA
Detective
New York City Police Department

Sworn to before me this
7th day of January, 2011

_____
HONORABLE VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person to be tracked or describe the object or property to be used for tracking)*<br>A 2002 INFINITI, BEARING NEW YORK LICENSE PLATE NUMBER EFE4169, VEHICLE IDENTIFICATION NUMBER JNKDA31A72T013092, AND REGISTERED TO JAMES CANDELA, 35-64 90TH STREET, APT. 2C, JACKSON HEIGHTS, NEW YORK | ) ) ) ) ) ) ) ) Case No. MISC. 11-009 |

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __21__ U.S.C. § __841__ . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☑ property designed for use, intended for use, or used in committing a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
A 2002 INFINITI, BEARING NEW YORK LICENSE PLATE NUMBER EFE4169, VEHICLE IDENTIFICATION NUMBER JNKDA31A72T013092, AND REGISTERED TO JAMES CANDELA, 35-64 90TH STREET, APT. 2C, JACKSON HEIGHTS, NEW YORK

☑ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Detective Eric Cora
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: __01/07/2011__

_____
*Judge's signature*

City and state: Brooklyn, NY

HONORABLE VIKTOR V. POHORELSKY
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE
INSTALLATION, MONITORING,
MAINTAINING, REPAIRING, AND
REMOVAL OF A GLOBAL POSITIONING
SYSTEM TRACKING DEVICE IN A 2002
INFINITI, BEARING NEW YORK
LICENSE PLATE NUMBER EFE4169,
VEHICLE IDENTIFICATION NUMBER
JNKDA31A72T013092, AND REGISTERED
TO JAMES CANDELA, 35-64 90TH
STREET, APT. 2C, JACKSON HEIGHTS,
NEW YORK.

MC. 11-009

**SEALED ORDER**

- - - - - - - - - - - - - - - - - - -x

    WHEREAS an Affidavit and Application has been submitted to the Court by Detective Eric Cora of the New York City Police Department, who is assigned to a New York Drug Enforcement Task Force, and full consideration having been given to the matters set forth therein, this Court finds that there is probable cause to believe that the monitoring of a Global Positioning System ("GPS") tracking device placed in a motor vehicle described as A 2002 INFINITI, BEARING NEW YORK LICENSE PLATE NUMBER EFE4169, VEHICLE IDENTIFICATION NUMBER JNKDA31A72T013092, AND REGISTERED TO JAMES CANDELA, 35-64 90TH STREET, APT. 2C, JACKSON HEIGHTS, NEW YORK the "SUBJECT VEHICLE"), will lead to evidence of violations of Title 21, United States Code, Section 841, it is hereby determined that:

    (1) there is probable cause to believe that JAMES CANDELA, a/k/a "Alex," and other unknown individuals have

attempted to commit and are committing violations of Title 21, United States Code, Section 841; and

(2) there is probable cause to believe that the SUBJECT VEHICLE is being used to facilitate said offenses.

THEREFORE, IT IS HEREBY ORDERED that agents of the DEA and/or other authorized officers, are hereby authorized to:

(1) operate an electronic tracking device on the SUBJECT VEHICLE during the daytime or nighttime. The electronic tracking device may be operated and monitored continuously throughout the period of this Order and may be monitored when the SUBJECT VEHICLE is located in a place where there is a reasonable expectation of privacy;

(2) remove the electronic tracking device upon attainment of the objective of the investigation or upon the expiration of this Order or any extensions; and

(3) said officers or representatives of the DEA are authorized to surreptitiously enter private property where the above-described SUBJECT VEHICLE is located for the explicit purpose of installing, maintaining, repairing, and removing said electronic tracking device.

IT IS FURTHER ORDERED that this Order may be executed at any hour of the day or night and must be executed no later than ten (10) calendar days from the date of the issuance of this Order.

IT IS FURTHER ORDERED that monitoring agents, in the event that the subject vehicle travels outside the territorial jurisdiction of the Court, are allowed to continue to use the electronic tracking device in any jurisdiction within the United States.

IT IS FURTHER ORDERED that this authorization to operate the electronic tracking device must terminate when the objective of the investigation is reached or, in any event, at the end of 45 days from the date of the issuance of this Order, whichever is earlier.

IT IS FURTHER ORDERED in conformity with Rule 41 of the Federal Rules of Criminal Procedure, to the extent applicable, that the officer(s) executing this Order shall prepare a return that shall include entries stating the exact date and time of initial activation of the technology through which the latitude and longitude data is obtained and the period during which such technology was thereupon used, and within 10 calendar days of the last authorized acquisition of latitude and longitude data, to file that return with the Clerk of Court of the U.S. District Court for the Eastern District of New York.

IT IS FURTHER ORDERED that pursuant to Title 18, United States Code, Section 3103a(b) and Rule 41(f)(3) of the Federal Rules of Criminal Procedure, the Court authorizes notice to be

delayed for a period of no greater than 30 days after the termination of the execution of the warrant.

IT IS FURTHER ORDERED that this Order shall be placed under seal until further order of this Court.

Dated:   Brooklyn, New York
         January 7, 2011

_____
HONORABLE VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK